IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CASE NO. 2:09-cr-128-ME |
| ) | |
| RASHEEN JAHMAL SMITH   ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Rasheen Smith's Supplemental Motion to Review Detention Order (Doc. # 21), filed on September 10, 2009. For the following reasons, the Court will deny the motion.

## I. BACKGROUND

On July 29, 2009, a federal grand jury returned a multiple-count indictment charging Smith with two counts of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of possession of marijuana in violation of 21 U.S.C. § 844(a), and one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). Smith will face trial by jury on these charges on March 22, 2010.

The United States moved for pretrial detention of Smith, and on August 19, 2009, the magistrate judge conducted a pretrial-detention hearing as required by 18 U.S.C. § 3142(f). On August 24, 2009, the magistrate judge ruled that Smith was a flight risk and a danger to the community, and ordered him detained pending trial.

On September 10, 2009, Smith filed this motion under 18 U.S.C. § 3145(b), asking the Court to review the magistrate judge's pretrial-detention order.  Smith urges the Court to revoke the detention order and impose special conditions in lieu of pretrial detention, such as electronic or GPS monitoring, or home confinement.

## II.  DISCUSSION

When a defendant challenges the pretrial-detention order of a magistrate judge, the district court must conduct an independent review of the case to determine whether the magistrate judge correctly found that pretrial detention is necessary.  *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985).  If the court decides that the submissions of the parties and the additional evidence presented at its own hearing does not affect the validity of the magistrate judge's factual findings and legal conclusions, the court may state its reasons for that decision and adopt the magistrate judge's detention order.  *United States v. King*, 849 F.2d 485, 490–91 (11th Cir. 1988).

After reviewing the submissions of the parties and holding its own hearing on the motion on February 18, 2010, the Court concludes that the magistrate judge's factual findings are supported and his legal conclusions are correct.  Therefore, the Court will adopt the magistrate judge's detention order.

Because Smith has been indicted for at least one offense for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more (the two counts of possession with intent to distribute under 21 U.S.C. § 841(a) carry

maximum sentences of twenty and forty years of imprisonment, respectively), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure Smith's appearance at trial or the safety of the community should he be released. *See* 18 U.S.C. § 3142(e)(3). As Smith correctly points out in his motion, this presumption imposes only the burden of *production* on Smith to produce evidence suggesting he is not likely to flee and is not dangerous. *King,* 849 F.2d at 485. The burden of *persuasion* remains on the United States. *Id.*

The Court finds that Smith produced sufficient evidence at the hearing to satisfy his burden of production. However, Smith does not escape the presumption entirely. Even if a detainee produces sufficient evidence to rebut the statutory presumption for burden-shifting purposes, the presumption—which reflects a congressional finding of the seriousness of the offense for which the detainee has been charged—"remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g)." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) (quoting *King*, 849 F.2d at 488).

After considering the factors set out in 18 U.S.C. § 3142(g), the Court finds that the weight accorded to the statutory presumption—when added to the sum of Smith's criminal history, past failures to appear in court when required to do so, record of failing to comply with explicit court orders, substance-abuse history, past acts of violence towards law-enforcement officers, and criminal activity while on bond—are clear and

3

convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. *See King*, 849 F.2d at 487 (requiring clear and convincing evidence to show dangerousness). The Court is not persuaded that Smith will refrain from the commission of criminal acts if this Court were to release him from detention, even under the conditions of home confinement and electronic monitoring.

### III.  CONCLUSION

Accordingly, it is hereby

ORDERED that the Motion is DENIED.  The Court ADOPTS the magistrate judge's Order of Detention.

DONE this the 18th day of February, 2010.

                    /s/ Mark E. Fuller
         CHIEF UNITED STATES DISTRICT JUDGE