IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-128-MEF |
| | ) | (WO) |
| RASHEEN JAHMAL SMITH | ) | |

# **O R D E R**

On March 9, 2010, the defendant filed an Unopposed Motion to Continue and Motion to Seal (Doc. # 81) and Supplement to Unopposed Motion to Continue and Motion to Seal (Doc. # 82). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70-day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The motion states that the government and the defendant are discussing the defendant's cooperation with the government. The parties are working toward an agreement that will avoid a trial in this case. The defendant needs a continuance to have time to

cooperate with the government and have time a plea agreement to be reached that takes into account the nature and extent of defendant's cooperation. Counsel for the government does not oppose the request for a continuance. Consequently, the Court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(holding that reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED as follows:

1. The defendant's motions (Docs. # 81 & 82), filed on March 9, 2010, are GRANTED.

2. The trial of this case is continued from the March 22, 2010 trial term to the June 21, 2010 trial term in Montgomery, Alabama.

3. The Magistrate Judge conduct a pretrial conference prior to the June 21, 2010 trial term.

4. The Motions in Limine (Docs. # 76, 77 & 78), filed on March 8, 2010, are DENIED as moot.

DONE this the 10th day of March, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE